UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

DIEGO RIGOBERTO MANZANARES,
ROBERTO MACIAS LOPEZ, and DIEGO ORDONEZ
VASQUEZ,

                       Plaintiffs,

                    v.

YOUR FAVORITE AUTO REPAIR &
DIAGNOSTIC CENTER, INC., BAY PARKWAY
SUPER CLEAN CAR WASH INC., AUTO
MAINTENANCE SALES & SERVICE CAR
WASHING & DETAILING, INC., and
ANTHONY BOUMOUSSA,

                      Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
17-CV-5001 (MKB) (RML)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiffs Diego Rigoberto Manzanares, Roberto Macias Lopez, and Diego Ordonez Vasquez commenced the above-captioned action on August 29, 2017, against Defendants Your Favorite Auto Repair & Diagnostic Center, Inc. ("YFA"), Bay Parkway Super Clean Car Wash Inc. ("BPSC"), Auto Maintenance Sales & Service Car Washing & Detailing, Inc. ("AMS"), and Anthony Boumoussa, asserting claims under the Fair Labor Standards Act, § 201, *et seq.*, and the New York Labor Law. (Compl., Docket Entry No. 1.) Plaintiffs requested a certificate of default on January 5, 2018, (Request for Certificate of Default, Docket Entry No. 10, 11), which the Clerk of Court noticed on January 8, 2018, (Clerk's Entry of Default, Docket Entry No. 12). On March 26, 2018, Plaintiffs moved for default judgment. (Pl. Mot. for Default J., Docket Entry No. 20; Pl. Mem. in Supp. of Mot., Docket Entry No. 12-1.) By Order dated April 10,

2018, the Court referred the motion to Magistrate Judge Robert M. Levy for a report and recommendation. (Order dated Apr. 10, 2018.)

By report and recommendation dated November 7, 2018 (the "R&R"), Judge Levy recommended that the Court grant Plaintiffs' motion for default judgment as to YFA, AMS, and Boumoussa. (R&R 25, Docket Entry No. 27.) As to BPSC, Judge Levy recommended that the Court deny Plaintiffs' motion for default judgment because Plaintiffs failed to allege facts supporting their claims that BPSC exerted any formal or functional control over their employment. (R&R 11.) Judge Levy recommended that the Court award the following amounts to each Plaintiff: (1) to Manzanares, $68,680.08 for unpaid overtime compensation, liquidated damages, statutory penalties for wage notice violations, and prejudgment interest accruing from May 14, 2014 to the date of entry of judgment, (R&R 25); (2) to Vasquez, $44,828.68 for unpaid overtime compensation, liquidated damages, statutory penalties for wage statement violations, and prejudgment interest accruing from May 14, 2014 to the date of the entry of judgment, (R&R 25–26); and (3) to Lopez, $54,152.68 for unpaid overtime and minimum wage compensation, unpaid spread of hours wages, liquidated damages, statutory penalties for wage notice and wage statement violations, and prejudgment interest accruing from September 21, 2014 to the date of the entry of judgment, (R&R 25–26). In addition, Judge Levy recommended that the Court grant Plaintiffs thirty (30) days from the date of this Memorandum and Order to submit any applications for attorneys' fees and costs. (R&R 26.) No party has objected to the R&R.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the

decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue." (citations omitted)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court grants Plaintiffs' motion for default judgment as to YFA, AMS, and Boumoussa and denies the motion as to BPSC. The Court awards judgment to (1) Manzanares in the amount of $68,680.08 with prejudgment interest at the statutory rate of nine percent per annum accruing from May 14, 2014 to the date of the entry of judgment, which amounts to a per diem interest rate of $7.54 ($30,590.04 x .09/365); (2) Vasquez in the amount of $44,828.68 with prejudgment interest at a rate of nine percent per annum accruing from May 14, 2014 to the date of entry of judgment at a per diem interest rate of $4.91 ($19,914.34 x .09/365); and (3) Lopez in the amount of $54,152.68 with prejudgment interest at the rate of nine percent per annum accruing from September 21, 2014 to the date of entry of judgment at a per diem interest rate of $5.75

($23,326.34 x .09/365). The Court also awards post-judgment interest to all Plaintiffs pursuant to 28 U.S.C § 1961(a). Plaintiffs are directed to file any motions for attorneys' fees and cost within thirty days (30) of the date of this Memorandum and Order.

Dated: December 10, 2018
      Brooklyn, New York

                                      SO ORDERED:

                                          s/ MKB
                                      MARGO K. BRODIE
                                      United States District Judge