UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DIEGO RIGOBERTO MANZANARES,
ROBERTO MACIAS LOPEZ, and
DIEGO ORDONEZ VASQUEZ,

                Plaintiffs,

    -against-

YOUR FAVORITE AUTO REPAIR &
DIAGNOSTIC CENTER, INC., BAY PARKWAY
SUPER CLEAN CAR WASH INC., AUTO
MAINTENANCE SALES & SERVICE CAR
WASHING & DETAILING, INC., and
ANTHONY BOUMOUSSA,

                Defendants.
----------------------------------------------------------------X

REPORT AND
RECOMMENDATION
17 CV 5001 (MKB)(RML)

LEVY, United States Magistrate Judge:

        By Memorandum and Order dated December 10, 2018, the Honorable Margo K. Brodie, United States District Judge, adopted my Report and Recommendation dated November 7, 2018 (the "R&R") and issued a default judgment against defendants Your Favorite Auto Repair & Diagnostic Center, Inc. ("YFA"), Auto Maintenance Sales & Service Car Washing & Detailing, Inc. ("AMS"), and Anthony Boumoussa (collectively, "defendants"). On December 12, 2018, the Clerk of the Court entered a judgment awarding plaintiff Diego Rigoberto Manzanares $81,294.50, plaintiff Diego Ordonez Vasquez $53,070.11, and plaintiff Roberto Macias Lopez $63,024.93, plus post-judgment interest pursuant to 28 U.S.C § 1961(a). Familiarity with the procedural history and underlying facts of this case is assumed.

        On December 17, 2018, defendants' counsel appeared and notified plaintiffs and the court of defendants' intent to move to vacate the default. After both sides requested and received extensions of time, defendants filed their fully-briefed motion on May 20, 2019. Judge

Brodie referred it to me on October 23, 2019, and after again granting a number of adjournment requests, I conducted a hearing on February 20 and 25, 2020. (See Transcripts of Hearing, Dkt. Nos. 49, 51.) For the reasons stated below, I respectfully recommend that defendants' motion to vacate be denied.

## DISCUSSION

A.  Standard on a Motion to Vacate to Default

Defendants move to vacate the default judgment under Federal Rules of Civil Procedure 55(c) and 60(b), arguing that they were never served with the summons and complaint. If defendants were not served with the complaint, as they claim, the default judgment would be void for lack of personal jurisdiction and would have to be vacated. See United States v. Kadoch, No. 96 CV 4720, 2011 WL 2680510, at *2 (E.D.N.Y. June 10, 2011), report and recommendation adopted, 2011 WL 2680362 (E.D.N.Y. July 8, 2011); see also Sartor v. Toussaint, 70 F. App'x 11, 13 (2d Cir. 2003) ("A judgment is void for lack of personal jurisdiction over the defendant where service of process was not properly effected."); Copelco Capital v. Gen. Consul of Bolivia, 940 F. Supp. 93, 94 (S.D.N.Y. 1996) ("A court may not properly enter a default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, 'which also means that he must have been effectively served with process.'" (quoting 10 Charles Alan Wright, et al., FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2682, at 407 (2d ed. 1983))).

The decision whether to vacate a default judgment is "addressed to the sound discretion of the district court." New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005) (quoting State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada, 347 F.3d 158, 166 (2d Cir. 2004)). In deciding a motion to vacate a default judgment under Rule 60(b), "the district court is to be

guided principally by three factors: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998). These are the same factors courts consider on a motion to set aside an entry of default under Rule 55(c), but "courts apply the factors more rigorously in the case of a default judgment because the concepts of finality and litigation repose are more deeply implicated in [that] action." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993) (citation omitted). A defendant's failure to meet one of these factors will generally not defeat a motion to vacate default if the other factors weigh in favor of setting aside the default. Strulowitz v. Flavor Boutique 796 Inc., No. 18 CV 8382, 2020 WL 2749564, at *2 (S.D.N.Y. May 26, 2020) (citing Sea Hope Navigation Inc. v. Novel Commodities SA, 978 F. Supp. 2d 333, 341 (S.D.N.Y. 2013) (collecting cases)). I will address each factor in turn.

    1. <u>Willfulness</u>

Whether the defendants' default was "willful" is the most important factor the court must consider on a motion to vacate a default judgment. See De Curtis v. Ferrandina, 529 F. App'x 85, 86 (2d Cir. 2013) ("Of these factors, willfulness carries the most weight."); Gil v. Frantzis, No. 17 CV 1520, 2019 WL 4784674, at *5 (E.D.N.Y. Oct. 1, 2019) (same). "[I]n general, courts should not set aside a default that is found to be willful." Star Asia Int'l, Inc. v. Old Dominion Footwear, Inc., No. 18 CV 4741, 2019 WL 2371632, at *1 (S.D.N.Y. June 5, 2019) (concluding that the default was willful and therefore declining to examine the other factors in the analysis) (citing SEC v. Risman, 7 F. App'x 30, 31 (2d Cir. 2001)). Willfulness requires more than negligence or carelessness – courts will find a default willful where a litigant's conduct is "egregious" or "not satisfactorily explained." McNulty, 137 F.3d at 738.

3

However, "a finding of bad faith is [not] a necessary predicate to concluding that a defendant acted 'willfully.'" Gucci Am., Inc. v. Gold Ctr. Jewelry, 158 F.3d 631, 635 (2d Cir. 1998). Instead, to find that a default was willful, "it is sufficient to conclude that the defendant defaulted deliberately." Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 187 (2d Cir. 2015) (internal quotation marks omitted).

Here, defendants attempt to explain their default by claiming they were not served with the summons and complaint and did not have notice of the action. If they cannot support that contention, their default will be considered willful. See Nana v. Le Viking LLC, No. 17 CV 928, 2020 WL 3182769, at *3 (S.D.N.Y. June 15, 2020) (where it is shown that a defendant is aware of the action pending against him, that defendant is deemed to have acted willfully if he fails to file a responsive pleading) (citing Bricklayers & Allied Craftworkers, 779 F.3d at 186-87).

Service of process in a federal action is governed by Rule 4 of the Federal Rules of Civil Procedure. Under Federal Rule 4(e), a plaintiff may serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." FED. R. CIV. P. 4(e)(1), (2)(B). Thus, the court looks to the New York Civil Practice Law and Rules, which enumerate several ways by which proper service can be effectuated. Under N.Y. C.P.L.R. § 308, in addition to personal service, a plaintiff can serve an individual through a combination of delivery and mail. Section 308(2) provides that an individual may be served "by delivering the summons within the state to a person of suitable age and discretion at the [person's] actual place of business . . . and by either

4

mailing the summons to the person to be served at his or her last known residence . . . or [ ] actual place of business . . . ." N.Y. C.P.L.R. § 308(2).  "New York courts have construed 'actual place of business to include (1) a place where the defendant regularly transacts business, or (2) an establishment that the defendant owns or operates, where there is a 'clear identification of the work performed by [him] with that place of business.'"  Velez v. Vassallo, 203 F. Supp. 2d 312, 325 (S.D.N.Y. 2002) (quoting King v. Galluzzo Equip. & Excavating, Inc., No. 00 CV 6247, 2001 WL 1402996, at *4 (E.D.N.Y. Nov. 8, 2001)).

Further, according to Rule 4, "[u]nless federal law provides otherwise or the defendant's waiver has been filed, a domestic . . . corporation . . . [can] be served . . . in a judicial district of the United States . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."  FED. R. CIV. P. 4(h)(1)(B).  Rule 4 also provides, however, that service may be effected by "following state law  . . . [of] the state where the district court is located. . . . "  FED. R. CIV. P. 4(e)(1).  Section 306 of the New York Business Corporation law provides that:

> [s]ervice of process on the secretary of state as agent of a domestic or authorized foreign corporation shall be made by personally delivering [all necessary documents] to . . . the secretary of state or a deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany. . . . Service of process on such corporation shall be complete when the secretary of state is so served.

N.Y. BUS. CORP. L. § 306(b)(1).  Thus, a corporation registered to do business in New York may be served by proper service on the New York Secretary of State.  An affidavit by a service processor is *prima facie* evidence that service occurred by the method stated.  Old Republic Ins.

5

Co. v. Pacific Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002).

Applying these standards, the record establishes that service on defendants was proper. The corporate defendants, YFA and AMS, were effectively served under Section 306 of the Business Corporation Law when a copy of the summons and complaint was delivered to the New York Secretary of State.[1] (See Affidavits of Service of Scott J. Schuster, sworn to Sept. 8, 2017, Dkt. Nos. 6, 8.)

The record also shows that the individual defendant, Anthony Boumoussa, was properly served with the pleadings via copies left with a person of suitable age and discretion at his place of business, followed by a copy mailed to his business address as required under N.Y. C.P.L.R. § 308(2). (See Affidavit of Service of Denise Lewis, sworn to Sept. 21, 2017, Dkt. No. 9.) At the hearing, Ms. Lewis, a licensed and experienced process server, testified credibly that she hand-delivered the summons and complaint to an adult employee at Mr. Boumoussa's business on September 21, 2017 at 8:33 a.m. (See Transcript of Hearing, dated Feb. 22, 2020, Dkt. No. 51 ("2/22/20 Tr."), at 8-9.) She stated that when she arrived at defendants' business address, 7017 Bay Parkway in Brooklyn, she took a digital photograph and uploaded it to an app on her cell phone, which recorded the date, time, and exact location by GPS. (Id. at 5-6, 21; see

---

[1] Defendants claim that they received notification from the New York Secretary of State that the mailing to defendant YFA was returned by the U.S. Postal Service as undeliverable and marked "Attempted Unknown." (See Declaration of Irene Sinayskaya, Esq., dated Apr. 15, 2019 ("Sinayskaya Decl."), Dkt. No. 44-1, Ex. R.) However, by defendant Boumoussa's admission, AMS is the only active entity. (See Affidavit of Anthony Boumoussa, sworn to Jan. 25, 2019 ("Boumoussa Aff."), Dkt. No. 44-1, ¶ 5; see also Defendants' Memorandum of Law, dated Apr. 15, 2019, Dkt. No. 44-1, at 1 ("Auto Maintenance Sales & Service Car Washing & Detailing, Inc. is the parent company under who's [sic] name all business is conducted, Your Favorite Auto Repair & Diagnostic Center, Inc., Bay Parkway Super Clean Car Wash Inc. are sister companies that exist only in name. Defendant Corporations are all located on the same premises, at 7017 Bay Parkway, Brooklyn, NY 11204.") Regardless, I find that plaintiffs properly served the Secretary of State; the court will not speculate as to why the postal service may have been unable to deliver the summons and complaint to YFA.

also Declaration of William Cafaro, Esq., dated May 13, 2019 ("Cafaro Decl."), Dkt. No. 44-2, Exs. 17, 18.) Ms. Lewis then entered the office and handed the summons and complaint to a female employee, who refused to give her name but said she was authorized to receive the papers. (2/25/20 Tr. at 6-7, 34-35.) After she completed the service of process, Ms. Lewis noted it in her logbook, as required by her employer. (See id. at 10-13, 37, Pl.'s Ex. 5.) Later in the day, she returned to her company's office and signed an affidavit of service. (Id. at 13-15.)

In addition, plaintiffs' counsel, William Cafaro, testified at the hearing that he personally served defendant Anthony Boumoussa with the motion for default judgment on May 23, 2018 outside of his place of business. (See Transcript of Hearing, dated Feb. 20, 2020 ("2/20/20 Tr."), Dkt. No. 49, at 59-75, Ex. 2; see also Cafaro Decl., Ex. 22.) Mr. Cafaro recognized Mr. Boumoussa from a previous case in this court, and Mr. Boumoussa answered to his name. (2/20/20 Tr. at 60.) Mr. Cafaro stated under oath, as an officer of the court, that he handed Mr. Boumoussa a large binder containing the default submissions and all exhibits, and informed him of the date of the inquest hearing in this case.[2] (Id. at 60-61; see also Affidavit of Service of William Cafaro, Esq., sworn to June 14, 2018, Dkt. No. 25.)

Mr. Boumoussa denies having been served with the summons and complaint or having received any documents relating to this case. (See 2/20/20 Tr. at 85-87.) He testified that on May 23, 2018 he was at his farm in Delaware County, New York, where he was burying his

---

[2] As reflected on the docket sheet, on November 8, 2018 my chambers also mailed copies of the R&R via first class mail to all defendants at 7017 Bay Parkway, Brooklyn, N.Y. 11204. Defendants filed no objections, even though Mr. Boumoussa admits to having received the R&R in the mail. (See Boumoussa Aff. ¶ 10.)

7

deceased horse.[3]  (Id. at 88-89.)  He denied that Mr. Cafaro personally served him with legal papers on that date.  (Id. at 91-92.)  Mr. Boumoussa's employee, Zineb Baghdadi, also testified that she never received any legal papers regarding this case, either in person or by mail, and that she was the only person authorized to receive mail.  (Id. at 12-13, 43.)  However, Mr. Boumoussa testified that he employs approximately fifteen people (id. at 93), and Ms. Baghdadi stated that in 2017 there were two other female employees working for Mr. Boumoussa (id. at 39), although there were so many female employees "that comes in and comes out [sic]" that she could not keep track of their names (id. at 40).  Therefore, assuming Ms. Baghdadi's veracity, it is probable that another female employee accepted the summons and complaint.

       Having reviewed the submissions, the documents, and all of the live testimony, I find that defendants were properly served with the complaint in this case, and that their default was willful.  Mr. Boumoussa's less than credible testimony was insufficient to overcome plaintiffs' highly reliable evidence that defendants were served with the complaint and did receive notice of this matter.[4]

---

[3]  Mr. Boumoussa claims that he hired D&D Excavating, Inc. to dig a large gravesite for his horse on that day.  He has submitted an invoice from D&D Excavating, Inc. dated May 23, 2018. (2/20/20 Tr. at 89, Defs.' Ex. 8; Sinayskaya Decl., Ex. M.)  To the extent this document is admissible, it does not support Mr. Boumoussa's claim that he was not in Brooklyn on May 23, 2018.  At most, it shows that he was billed for excavating services on that date.  Regardless, defendants submitted no other evidence, such as credit card statements or witness testimony, to show that Mr. Boumoussa was in Delaware County on May 23, 2018.

[4]  The court may dismiss a defendant's denial of service "when there is 'ample evidence from which [to] conclude that [the defendant's] statements [denying receipt of service] lack[ ] credibility.'"  De Curtis, 529 F. App'x at 86 (alterations in original) (quoting Old Republic Ins. Co, 301 F.3d at 58.  See also Bergman v. Kids By the Bunch Too, Ltd., No. 14 CV 5005, 2018 WL 1402249, at *5 (E.D.N.Y. Feb. 16, 2018), report and recommendation adopted, 2018 WL 1401324 (E.D.N.Y. Mar. 20, 2018) (stating that an individual's personal recollection regarding service is insufficient to rebut documentary evidence kept in the regular course of business) (citation omitted).  I note that Mr. Boumoussa has been found lacking in credibility in another
(Continued….)

2. Meritorious Defense

"Despite any meritoriousness of an anticipated defense, a default judgment should not be vacated if the default was willful." Hernandez v. La Cazuela de Mari Rest., Inc., 538 F. Supp. 2d 528, 534 (E.D.N.Y. 2007) (citing Action S.A. v. Marc Rich & Co., 951 F.2d 504, 507 (2d Cir. 1991)). Although I have found defendants' default willful, I will briefly address the remaining elements in the interest of completeness.

A defense is considered meritorious if the evidence submitted "would constitute a complete defense." Enron Oil Corp., 10 F.3d at 98; see also McNulty, 137 F.3d at 740 (same). To establish the existence of a meritorious defense, "the defendant 'need not conclusively establish the validity of the defense(s) asserted.'" OneWest Bank, N.A. v. Ruiz, No. 14 CV 3207, 2018 WL 1318983, at *3 (E.D.N.Y. Mar. 13, 2018) (quoting Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983)); see also Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996) (explaining that the defense "need not be ultimately persuasive at this stage."). Rather, the defense presented must "give the factfinder some determination to make." Am. Alliance Ins. Co., 92 F.3d at 61. Nonetheless, a defendant must do more than offer "conclusory assertions" in an affidavit or simply "dispute the amount of damages." Bricklayers & Allied Craftworkers, 779 F.3d at 187.

Defendants first argue that plaintiffs, who worked as auto mechanics, are exempt from the FLSA's overtime requirement. (See Defendants' Memorandum of Law, dated Apr. 15, 2019 ("Defs.' Mem."), Dkt. No. 44-1, at 11-13 (citing Encino Motorcars, LLC v. Navarro, 138 S. Ct. 1134 (2018)). However, as explained in the R&R, the mechanics exemption applies only

---

FLSA case brought against him and his companies in this court. See Ayala v. Your Favorite Auto Repair & Diagnostic Ctr., Inc., No. 14 CV 5269, 2016 WL 5092588, at *6 (E.D.N.Y. Sept. 19, 2016).

to mechanics working for an employer that primarily sells vehicles. (See R&R at 5 n.2 (citing 29 U.S.C. § 213(b)(10)(A) (exempting "any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles, trucks, or farm implements, if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers."))). Here, defendants do not claim that they operate a dealership, but state that they are primarily engaged in washing, repairing, and servicing vehicles. (See Affidavit of Anthony Boumoussa, sworn to Jan. 25, 2019, Dkt. No. 44-1, ¶ 3 ("Defendants … are New York corporations operating as auto-repair shops that specialize in maintaining and repairing motor-vehicles.") Thus, the exemption does not apply, and even if it did, it would not provide a defense to plaintiffs' minimum wage claims.

Regardless, I find that defendants have met the low threshold necessary to satisfy this factor. They have presented some evidence, in the form of employee time cards, that plaintiffs were paid hourly minimum wages and overtime pay for all of their work. (See Declaration of Irene Sinayskaya, Esq., dated Apr. 15, 2019 ("Sinayskaya Decl."), Dkt. No. 44-1, Exs. J, K, L.) A defense that the plaintiff was properly paid, supported by time and pay records, is a meritorious defense. See Carrasco v. Acropol Rest. Corp., No. 18 CV 7883, 2019 WL 2325556, at *4 (S.D.N.Y. May 31, 2019) (citing Llolla v. Karen Gardens Apartment Corp., No. 12 CV 1356, 2016 WL 233665, at *4 (E.D.N.Y. Jan. 20, 2016)). Thus, defendants have made an adequate showing that the court would have some determination to make.[5]

    3. Prejudice

"Delay standing alone does not establish prejudice." Enron Oil Corp., 10 F.3d at

---

[5] It bears noting, however, that defendants' showing is marginal, as they have not submitted their financial record books or tax records to support their payroll evidence, and plaintiffs contest the accuracy of the time cards.

98. Similarly, "costs incurred with respect to countering a defendant's motion to vacate do not constitute prejudice." Ruiz, 2018 WL 1318983, at *3 (citation and internal quotation marks omitted). Instead, a plaintiff opposing a motion to vacate a default must show "'that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" Id. (quoting Davis, 713 F.2d at 916).

Here, it would be prejudicial to plaintiffs to vacate the judgment. Plaintiffs and their counsel have expended considerable time and money in bringing this action, including preparing for and making court appearances, going to the trouble of assembling evidence in support of a default motion, and appearing in court and testifying at an inquest on damages. The matter has been pending for nearly three years, and the passage of time makes it likely that evidence will be more difficult to locate now. It would be unjust to make plaintiffs start over again after their many efforts and attorney time expended on this case over that period. See Nana, 2020 WL 3182769, at *3.

## CONCLUSION

Two of the three factors weigh against vacating the default: the default was willful, and plaintiffs are likely to suffer prejudice if the default judgment is set aside. I therefore respectfully recommend that the motion of defendants Your Favorite Auto Repair & Diagnostic Center, Inc., Auto Maintenance Sales & Service Car Washing & Detailing, Inc., and Anthony Boumoussa to vacate the default judgment against them be denied. Any objections to this report and recommendation must be filed electronically within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a).

Respectfully submitted,

_____/s/_____
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
July 2, 2020