UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DIEGO RIGOBERTO MANZANARES, ROBERTO
MACIAS LOPEZ, and DIEGO ORDONEZ VASQUEZ,

                              Plaintiffs,

    -against-

YOUR FAVORITE AUTO REPAIR & DIAGNOSTIC
CENTER, INC., BAY PARKWAY SUPER CLEAN CAR
WASH INC., AUTO MAINTENANCE SALES &
SERVICE CAR WASHING & DETAILING, INC., and
ANTHONY BOUMOUSSA,

                              Defendants.

Case No.: 1:17-cv-05001-MKB-RML


**DEFENDANTS' OBJECTIONS TO THE REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE ROBERT M. LEVY ENTERED ON JULY 2,
2020**


Irene Sinayskaya
SINAYSKAYA YUNIVER, P.C.
710 Avenue U
Brooklyn, NY 11223
(718) 402-2240
irene@sypcl.com

*Attorneys for Defendants*

## PRELIMINARY STATEMENT

Pursuant to 28 U.S.C. § 636(b)(l)(C) and Local Rule 72.3(a)(l), defendants YOUR FAVORITE AUTO REPAIR & DIAGNOSTIC  CENTER, INC., BAY PARKWAY SUPER CLEAN CAR WASH INC., AUTO MAINTENANCE SALES & SERVICE CAR WASHING & DETAILING, INC., and ANTHONY BOUMOUSSA, ("Defendants") hereby object to the report and recommendation issued  by   the   Honorable   Robert   M.   Levy,   United States Magistrate Judge ("Magistrate Judge" or "Judge Levy"), entered July 2, 2020 which report and recommendation ("Report") denied Defendants' motion to vacate to default.

## STANDARD OF REVIEW-REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(l)(B), the standard of review of the portions of a Report and Recommendation to which objections have been filed is de novo. If a party fails to object to   a   portion   of   a Report and Recommendation,   further   review   is   generally precluded. *See Mario v. P & C Food Markets Inc*., 313 F.3d 758, 766 (2d Cir. 2002) (citing *Small v. Sec'v of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

## STATEMENT OF FACTS

Defendants Your Favorite Auto Repair & Diagnostic Center, Inc., Bay Parkway Super Clean Car Wash Inc., Auto Maintenance Sales & Service Car Washing & Detailing, Inc. (hereinafter "Defendant Corporations") are New York corporations operating as auto-repair shops that specialize in maintaining and repairing motor-vehicles. Defendant Anthony Boumoussa ("Boumoussa") is their principal and owner. Auto Maintenance Sales & Service Car Washing & Detailing, Inc. is the parent company under whose name all business is conducted, Your Favorite Auto Repair & Diagnostic Center, Inc. and Bay Parkway Super Clean Car Wash Inc. are independent companies that presently exist only in name. Defendant Corporations are all located

on the same premises, at 7017 Bay Parkway, Brooklyn, NY 11204. Plaintiffs, former "service advisors" employed by Defendant Corporations, commenced this action on August 29, 2017, alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and the New York State Labor Law ("NYLL"). Defendants were not served with a copy of the Summons and Complaint, were unaware of the instant action, and consequently did not submit an answer or otherwise move with respect to the Complaint. In their Complaint, Plaintiffs set forth claims under the FLSA for (1) Defendants' alleged failure to pay them minimum wages, (2) Defendants alleged failure to pay them overtime wages, and (3) liquidated damages. Plaintiffs also set forth claims under NYLL for (1) Defendants' alleged failure to pay them spread of hours, (2) Defendants' alleged failure to provide proper wage notices and proper wage statements and (3) prejudgment and post-judgment interest. Plaintiffs moved for entry of default on January 5, 2018. On January 8, 2018 the defaults of all of the defendants were entered by the Clerk of the Court. Plaintiffs moved for default judgment on March 26, 2018. Defendants were not served with a copy of the motion for default judgment. Plaintiffs' Motion was referred to Magistrate Judge Robert M. Levy by this Court, who held an inquest hearing and heard testimony from all three named plaintiffs on June 22, 2018. Magistrate Judge Levy issued a Report and Recommendation on November 7, 2018, wherein he recommended that the default judgment be granted and calculated alleged damages for Plaintiffs individually based on their alleged employment period. This Court entered a Default Judgment in favor of Plaintiffs based on the Report and Recommendation of Magistrate Judge Levy on December 11, 2018. Defendants' counsel filed a Motion for a Pre-Motion Conference to Vacate, dated December 17, 2018, which this Court granted.

Plaintiffs all allege that during their employment for Defendant Corporations, they were paid a set weekly salary, and were entitled to commission, for the bulk of their employment by

Defendants, and that Plaintiffs were not paid overtime, spread of hours, and minimum wage as is statutorily required. Defendants, who are in possession of all of Plaintiffs' pay records and wage notices for the time that they were employed by Defendants, assert that Plaintiffs were paid in full and that there were no FLSA or NYLL violations. Additionally, the period during which Plaintiffs claim that they were employed by Defendants is entirely false and the records prove this. Defendants' records demonstrate that Plaintiff Manazares worked for Defendant Corporations from November 16, 2015 to January 25, 2017, Plaintiff Vasquez worked for Defendant Corporations from October 5, 2015 to January 25, 2017, and Plaintiff Lopez worked for Defendant Corporations from December 22, 2015 to January 25, 2017. Plaintiffs, on the other hand, falsely and misleadingly claim that they worked for grossly exaggerated and inflated periods of time. Indeed, the Complaint states that Plaintiff Manazares worked for Defendant Corporations from July 15, 2011 to January 25, 2017, that Plaintiff Vasquez worked for Defendant Corporations from 2008 to January 25, 2017, and that Plaintiff Lopez worked for Defendant Corporations from May 15, 2012 to January 25, 2017. These dates are entirely fabricated and a bad faith attempt by Plaintiffs to seek inflated and unjust damages from Defendants. Moreover, Plaintiffs were "service advisors" as defined in the April 2018 decision by the Supreme Court of the United States, delivered by the Honorable Justice Thomas, wherein the Court found that service advisors, are exempt from the FLSA's overtime-pay requirement. Plaintiffs were nonetheless always paid in full, properly, and in compliance with all state and federal requirements. For these reasons, Defendants respectfully requested an order from this Court vacating the Default Judgment granted in favor of Plaintiffs.

On July 2, 2020, the Honorable Magistrate Judge Levy issued a Report and Recommendation that Defendants' motion to vacate the default judgment against them be denied. Defendants respectfully object to the Report.

## ARGUMENT

### I.    LEGAL STANDARD

"A motion to vacate a default judgment is, in the first instance, addressed to the sound discretion of the district judge." *Davis v. Musler*, 713 F.2d 907, 912 (2d Cir. 1983) (internal citations omitted). It is well settled that there is a strong preference for courts in the Second Circuit to resolve disputes on their merits. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993); *Sony Corp. v. Elm State Electronics Inc.*, 800 F.2d 317. 320 (2d Cir. 1986); *Meehan v. Snow*, 652, F.2d 274, 277 (2d Cir. 1981). Default judgment is an extreme sanction, and motions to vacate default are generally granted liberally. *Triad Energy Corp. v. McNeil*, 110 F.R.D. 382. 384 (S.D.N.Y. 1986). Any doubts as to whether a default judgment should be vacated should be resolved in favor of a trial on the merits. *Diakuhara*, 10 F.3d at 95- 96. Default judgments are particularly disfavored in lawsuits involving large amounts of money. *Elm State Electronics Inc.*, 800 F.2d at 320 (internal citations omitted). A court may set aside a default judgment under FRCP 55(c) for good cause. A court may also set aside a default judgment under FRCP 60(b) for many reasons. "In applying Rule 60(b)(1) in the context of default judgments, courts have gone beyond the bare wording of the rule and established certain criteria which should be considered in deciding whether the designated standards have been satisfied. The court further assesses: "(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted." *Diakuhara*, 10 F.3d at 96 (citations omitted). "In analyzing these factors, the court remains open to all reasonable and responsible

arguments by the defaulting defendant advanced in support of his application, mindful that Rule 60(b) is designed to afford the parties an opportunity to resolve a dispute on its merits where possible." *Sasso v. M. Fine Lumber Co., Inc.*, 144 F.R.D. 185, 188 (E.D.N.Y. 1992) (italics in original) (internal citation omitted). As such, courts should construe the criteria of Rule 60(b) generously in deciding motions to set aside default judgment. *Diakuhara*, 10 F.3d at 96 (citing *Davis*, 713 F.2d at 915; Meehan, 652 F.2d at 277). Moreover, "[t]he extreme sanction of a default judgment must remain a weapon of last, rather than first, resort . . . which should only be imposed upon a serious showing of willful default." *Davis*, 713 F.2d at 916 (internal citations and quotations omitted). Further, Defendants' failure to meet one of the factors of willfulness, meritorious defense, or level of prejudice to opposing party, will not defeat a motion to vacate default if the other factors weigh in favor of setting aside the default. *Strulowitz v. Flavor Boutique 796 Inc.*, No. 18 CV 8382, 2020 WL 2749564, at *2 (S.D.N.Y. May 26, 2020) (citing *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 341 (S.D.N.Y. 2013)).

Additionally, the Second Circuit "has never hesitated to reverse the denial of a motion to vacate a default judgment where further fact-finding was necessary to ensure that substantial justice was served." *Davis*, 713 F.2d at 916 (internal citations omitted). Willfulness is not mere negligence, it must be more "egregious or deliberate conduct." *New York v. Green*, 420 F.3d 99, 108 (quoting *Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 60 (2d Cir. 1996) (citation omitted)); *see Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 612 (S.D.N.Y. 2012) (quoting *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)); *see Gonzalez v. City of New York*, 104 F. Supp. 2d 193, 195-96 (S.D.N.Y. 2000). A defendant is not required to establish his defense conclusively in order to warrant the setting aside of a default. When considering the meritorious defense element in a good cause analysis for vacatur of entry of default, "likelihood of success is not the measure."

Rather, "allegations are meritorious if they contain even a hint of suggestion which, if proven at trial, would constitute a complete defense". *See Weisel v. Pischel*, 197 F.R.D. 231, 239 (E.D.N.Y. 2000). In a motion for vacatur, "all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." *Taizhou Zhongneng Import & Export Co., Ltd. v. Koutsobinas*, 509 F.App'x 54, 56 (2d Cir. 2013) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)); see *Davis v. Musler*, 713 F.2d 907 (2d Cir. 1983). The grounds for setting aside a default judgment have been met by Defendants.

## II.    THE REPORT ERRONEOUSLY RECOMMENDED THAT  MOTION  TO VACATE THE DEFAULT JUDGMENT AGAINST DEFENDANTS BE DENIED.

### A.  DEFENDANTS' DEFAULT WAS NOT WILLFUL.

Fed. R. Civ. P. 60(b)(1) authorizes a district court to vacate a default judgment entered against a defendant if the default not willful, but rather "was the result of mistake, surprise, inadvertence or excusable neglect." *Adidas Spoerschuhfabriken Adi Dassler Stiftung & Co., K.G. v. Cheung*, No. 87 CIV. 8989 (JFK), 1990 WL 48063, at *1 (S.D.N.Y. 1990). Willfulness thus requires more than negligence or carelessness, and courts must only find a default willful where a party's conduct is "egregious" or "not satisfactorily explained." *McNulty*, 137 F.3d at 738. To find that a default was willful, "it is sufficient to conclude that the defendant defaulted deliberately." *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (internal quotation marks omitted). The Second Circuit has implied that it will look for bad faith before finding that a default was willful. *American Alliance Insurance Co. v. Eagle Insurance Co.*, 92 F.3d 57, 60 (2d Cir. 1996).

In the present case, Defendants' default was inadvertent rather than deliberate or done in bad faith. Defendants were allegedly personally served on September 21, 2017. The summons and complaint were allegedly delivered to an adult employee at Defendant business. However, this employee has not been named or identified to this day. Moreover, Defendant Boumoussa was out of town on the day the Summons and Complaint was allegedly served to him on May 23, 2018. Although the summons and complaint may have been served to a female on September 21, 2017, Defendants' did not necessarily receive notice of the pleading, nor did they receive the pleading from the employee, who is unknown to this day. In fact, Defendants did not know of the lawsuit at hand until Defendant Boumoussa received a copy of the Report and Recommendation dated November 7, 2018 and immediately retained counsel thereafter.

Although an individual's personal recollection is not sufficient to rebut documentary evidence, *Bergman v. Kids By the Bunch Too, Ltd.*, No. 14 CV 5005, 2018 WL 1402249, at *5 (E.D.N.Y. Feb. 16, 2018), there is sufficient doubt as to whether Defendants were solely responsible for the default and whether the default was anything more than negligent. *McNulty*, 137 F.3d at 738 (noting that with the issue of willfulness courts consider whether the failure to respond to a pleading is the result of culpable conduct and whether the default was appropriately attributed to the defaulting party). Considering the precedent set by *American Alliance Insurance Co.*, such conduct, though negligent, was not willful, deliberate, or undertaken in bad faith. Thus, the failure to respond to the summons and complaint was not sufficiently willful under this inquiry.

In *New York v. Green*, the court found that the defendants willfully defaulted when they neither offered any explanation for their default, nor provided any justification for their default. *Green*, 420 F.3d at 108-09. The conduct was so egregious, that the court determined that the defendant's failure to file an answer was "part of an overall plan to delay the proceedings." *Green*, 420 F.3d at

108 (quoting *New York v. Green*, No. 01-CV-196A, 2004 WL 1375555, at *6 (W.D.N.Y. 2004)).

The present case is distinguishable. Defendants offered a reasonable explanation for the default

and provided a justification for failing to file an answer to the complaint. Further, Defendants at

no point gained an advantage, and Defendants never had the chance to gain a favorable result from

delaying the action. In fact, Defendants were unduly prejudiced by Plaintiffs' failure to serve

Defendants, and Defendants would have much preferred to timely proceed with the action rather

than having to defend themselves from default judgment, post a bond, and expend additional legal

fees, because of Plaintiffs' failure to serve Defendants.

## B. DEFENDANTS' HAVE A MERITORIOUS DEFENSE.

Courts should liberally grant motions to vacate default judgments "so that a trial on the merits

may be had and justice be done." *Adidas*, 1990 WL 48063, at *1 (quoting *Triad Energy Corp. v.

McNell*, 110 F.R.D. 382 (S.D.N.Y. 1986)). Thus, courts must not deny a motion to vacate a default

judgment unless the default was willful *and* the party does not have a meritorious defense. *See,

e.g.*, *McNulty*, 137 F.3d at 738 (italics added for emphasis); *Strulowitz*, 2020 WL 2749564, at *2

(noting that a failure to meet one of the factors will not defeat a motion to vacate default if the

other factors weigh in favor of setting aside the default). Defendants' conduct was not willful, and

Defendants' defense was meritorious and thus the motion to vacate should not be denied.

In order to demonstrate that a defense is meritorious, Defendants need not establish the defense

conclusively, but must present evidence of facts that "if proven at trial, would constitute a complete

defense." *See, e.g.*, *McNulty*, 137 F.3d at 740 (quoting *Diakuhara*, 10 F.3d at 98). The Honorable

Magistrate Judge Levy correctly determined that Defendants met the threshold necessary to satisfy

this factor because of the evidence demonstrating that Plaintiffs were paid hourly minimum wages

and overtime pay for all of their work. Thus, the Honorable Judge Levy correctly found that

Defendants' defense is meritorious because it made an adequate showing that a court would have some determination to make, *Am. Alliance Ins. Co.*, 92 F.3d at 61, and if proven at trial it would constitute a complete defense, *McNulty*, 137 F.3d at 740. The evidence would demonstrate the Plaintiffs were properly paid. *See Carrasco v. Acropol Rest. Corp.*, No. 18 CV 7883, 2019 WL 2325556, at *4 (S.D.N.Y. May 31, 2019) (citing *Llolla v. Karen Gardens Apartment Corp.*, No. 12 CV 1356, 2016 WL 233665, at *4 (E.D.N.Y. Jan. 20, 2016)).

### C. PLAINTIFFS WOULD NOT BE PREJUDICED BY VACATING THE DEFAULT AGAINST DEFENDANTS.

To find that Plaintiffs would be prejudiced, Plaintiffs must demonstrate that "delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis*, 713 F.2d at 916. Plaintiffs have not reached this threshold and have at most established that Defendants' conduct resulted in delay and some incurred costs. *See Enron Oil Corp.*, 10 F.3d at 5 (noting that delay alone does not establish prejudice); *OneWest Bank, N.A. v. Ruiz*, No. 14-CV-3207, 2018 WL 1318983, at *3 (E.D.N.Y. Mar. 13, 2018) (noting that costs incurred do not constitute prejudice).

Plaintiffs do not establish that Defendants' conduct would result in a loss of evidence, increase the difficulty of discovery, or increase the risk of fraud or collusion. *Ruiz*, 2018 WL 1318983, at *3 (noting that these factors are of importance when determining whether a party would be prejudiced). The Honorable Magistrate Judge Levy noted that Plaintiffs would be prejudiced if Defendants' motion to vacate the default judgment is not denied because Plaintiffs have expended considerable time and money in this action thus far, and the passage of time may make evidence more difficult to locate now. However, proof of delay and costs is not sufficient to demonstrate that Plaintiffs will be prejudiced. *See, e.g. Enron Oil Corp.*, 10 F.3d at 5; *OneWest Bank*, 2018 WL

1318983, at *3. Further, although it has been three years since the complaint was filed, this delay did not lead to the loss of evidence, and did not increase the difficulty of locating evidence. There are employment records available for all Plaintiffs, including timesheets and employment agreements. Plaintiffs undoubtedly have financial records of paychecks received during their employment. Moreover, Plaintiffs unduly prejudiced Defendants by failing to adequately serve the summons and complaint, and thus it would be unconscionable to allow Plaintiffs a default judgment in their favor due to prejudice that they helped create. Therefore, Plaintiffs would not be prejudiced under this inquiry.

### III.    PUBLIC POLICY INTERESTS WEIGH IN FAVOR OF DECIDING A CASE ON THE MERITS.

The Second Circuit has held that strong public policy considerations favor resolving disputes on the merits of a case, rather than a default judgment. *Pecarsky v. Galaziworld.com Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001); *Diakuhara*, 10 F.3d at 95-96; *Sony Corp.*, 800 F.2d at 320; *Meehan*, 652, F.2d at 277. A default judgment is an extreme sanction, and motions to vacate default judgments have been liberally granted. *Triad Energy Corp.*, 110 F.R.D. at 384. Thus, only those defaults that arise from egregious conduct may be enforced. *Am. Alliance Ins. Co.*, 92 F.3d at 61. As discussed in the previous sections, Defendants' default was at most negligent, and did not rise to the level of bad faith or willfulness.

When there is doubt about whether a party's conduct rises to the level of egregiousness that would allow a default judgment, as there is here, the default judgment should be vacated and the action should be resolved on the merits. *Diakuhara*, 10 F.3d at 95- 96; *Koutsobinas*, 509 F.App'x at 56 (citing *Green*, 420 F.3d at 104); *Davis*, 713 F.2d 907. In the present case, there is abundant documentary evidence demonstrating that Defendants did not violate the NYSLL and FLSA, and

Plaintiffs attempted to mislead the court to their favor by grossly exaggerating the periods of time they worked for Defendant corporations. A default judgment in Plaintiffs' favor would be unjust.

The Second Circuit "has never hesitated to reverse the denial of a motion to vacate a default judgment where further fact-finding was necessary to ensure that substantial justice was served." *Davis*, 713 F.2d at 916. Further, Fed. R. Civ. P. 55(c) provides that a default judgment may be set aside for good cause. Here, good cause for Defendants' default has been shown, because Defendant was never served and the action was not brought to Defendants' attention until November 2018.

Thus, in order for there to be substantial justice, this action must be heard on the merits, and not decided by a default judgment in favor of Plaintiffs, who undoubtedly sought to sway the odds in their favor by exaggerating and fabricating their dates of employment. Thus, public policy interests and considerations of justice weigh heavily in favor of vacating the default judgment.

## CONCLUSION

All three factors weigh in favor of vacating the default in favor of Defendants. The default was not willful, the defense was meritorious, and Plaintiffs will not suffer prejudice if the default judgment is set aside. Alternatively, if the default is found to be willful, Defendants should still succeed because the other two factors, as well as the public policy in favor of deciding a case on the merits, weigh in favor of setting aside the default judgment. Thus, Defendants respectfully request this Court to vacate the default in favor of Defendants and overturn the Report and Recommendation as issued by the Honorable Magistrate Judge Levy.

Dated: June 16, 2020
   Brooklyn, New York

                                                  */s/ Irene Sinayskaya* (IS5002)_____
                                                  Irene Sinayskaya
                                                  SINAYSKAYA YUNIVER, P.C.
                                                  710 Avenue U
                                                  Brooklyn, NY 11223
                                                  (718) 402-2240
                                                  irene@sypcl.com

                                                  *Attorneys for Defendant*