UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

DIEGO RIGOBERTO MANZANARES,
ROBERTO MACIAS LOPEZ, and DIEGO
ORDONEZ VASQUEZ,

                     Plaintiffs,

                     v.

YOUR FAVORITE AUTO REPAIR &
DIAGNOSTIC CENTER, INC., BAY PARKWAY
SUPER CLEAN CAR WASH INC., AUTO
MAINTENANCE SALES & SERVICE CAR
WASHING & DETAILING, INC., and ANTHONY
BOUMOUSSA,

                     Defendants.

**MEMORANDUM & ORDER**
17-CV-5001 (MKB) (RML)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiffs Diego Rigoberto Manzanares, Roberto Macias Lopez, and Diego Ordonez Vasquez commenced the above-captioned action against Defendants Your Favorite Auto Repair & Diagnostic Center, Inc. ("YFAR"), Bay Parkway Super Clean Car Wash Inc., Auto Maintenance Sales & Service Car Washing & Detailing, Inc. ("AMS"), and Anthony Boumoussa on August 29, 2017, alleging violations of the Fair Labor Standards Act, § 29 U.S.C. 201 *et seq.*, (the "FLSA") and New York Labor Law §§ 19, 650 *et seq.* ("NYLL").  (Compl. 1, 13, Docket Entry No. 1.)  After Defendants failed to answer or otherwise respond to the Complaint, the Clerk of Court entered default against Defendants on January 8, 2018.  (Clerk's Entry of Default, Docket Entry No. 12.)  On March 26, 2018, Plaintiffs moved for a default judgment.  (Pls.' Mot. for Default J., Docket Entry No. 20.)  By Order dated April 10, 2018, the Court referred Plaintiffs' motion to Magistrate Judge Robert M. Levy for a report and recommendation.  (Order

dated Apr. 10, 2018.) By report and recommendation dated November 7, 2018, Judge Levy recommended that the Court grant Plaintiffs' motion for a default judgment as to Defendants YFAR, AMS, and Boumoussa and deny the motion as to Defendant Bay Parkway Super Clean Car Wash Inc. (the "Default J. R&R"). (Default J. R&R, Docket Entry No. 27.) By Memorandum and Order dated December 12, 2018 (the "Dec. 2018 Decision"), the Court adopted the Default J. R&R, granted the motion for default judgment against YFAR, AMS, and Boumoussa (collectively the "Default Defendants") and denied the motion as to Bay Parkway Super Clean Car Wash Inc. (Dec. 2018 Decision, Docket Entry No. 28.)

On May 20, 2019, Default Defendants moved to vacate the entry of default judgment, (Defs.' Mot. to Vacate Default J. ("Default Defs.' Mot."), Docket Entry No. 44), which the Court referred to Judge Levy for a report and recommendation, (Order dated Oct. 23, 2019). By report and recommendation dated July 2, 2020 (the "R&R"), Judge Levy recommended that the Court deny Default Defendants' motion to vacate the entry of default judgment. (R&R, Docket Entry No. 52.) Default Defendants object to the R&R, arguing that their motion to vacate the default judgment should be granted because their default was not willful, they had a meritorious defense, and Plaintiffs would not be prejudiced by vacating the default judgment. (Defs.' Obj. to R&R ("Default Defs.' Obj."), Docket Entry No. 53.) For the reasons set forth below, the Court adopts the R&R and denies the Default Defendants motion to vacate judgment.

**I.   Background**

The Court assumes familiarity with the underlying facts as detailed in the R&R and provides only a summary of the pertinent facts.

### a. Procedural history

On August 29, 2017, Plaintiffs commenced this FLSA action against YFAR, Bay Parkway Super Clean Car Wash Inc., AMS, and Boumoussa alleging violations of the FLSA and NYLL. (Compl.) After Defendants failed to answer or otherwise respond to the Complaint, Plaintiffs requested a certificate of default. (Pls.' Request for Certificate of Default, Docket Entry Nos. 10–11.) On January 8, 2018, the Clerk of Court made an entry of default against Defendants. (Clerk's Entry of Default.)

On March 26, 2018, Plaintiffs moved for a default judgment. (Pls.' Mot. for Default J.) By Order dated April 10, 2018, the Court referred Plaintiffs' motion to Judge Levy for a report and recommendation. (Order dated Apr. 10, 2018.) Judge Levy held an inquest hearing regarding Plaintiffs' motion in order to assess damages. (Order dated Apr. 23, 2018; Min. Entry dated June 22, 2018.) In the Default J. R&R, Judge Levy recommended that Plaintiffs' motion for a default judgment be granted as to Default Defendants and denied as to Bay Parkway Super Clean Car Wash Inc. (Default J. R&R 1.) With respect to damages, Judge Levy recommended: that Manzanares be awarded $68,680.08, consisting of $30,590.04 in unpaid overtime compensation, $30,590.04 in liquidated damages, $2,500 in statutory penalties for wage notice violations, and $5,000 in statutory penalties for wage statement violations, as well as prejudgment interest accruing from May 14, 2014 to the date of the entry of judgment, (*id.* at 25); that Vasquez be awarded $44,828.68, consisting of $19,914.34 in unpaid overtime compensation, $19,914.34 in liquidated damages, and $5,000 in statutory penalties for wage statement violations, as well as prejudgment interest accruing from May 14, 2014 to the date of the entry of judgment, (*id.* at 25–26); that Lopez be awarded $54,152.68, consisting of $22,731.34 in unpaid overtime and minimum wage compensation, $595 in unpaid spread of

hours wages, $23,326.34 in liquidated damages, $2,500 in statutory penalties for wage notice violations, and $5,000 in statutory penalties for wage statement violations, as well as prejudgment interest accruing from September 21, 2014 to the date of the entry of judgment, (*id.* at 26); and that each plaintiff be awarded post-judgment interest, (*id.*)

By Memorandum and Order dated December 12, 2018, the Court adopted the Default J. R&R, entering a default judgment against the Default Defendants and denying a default judgment as to Bay Parkway Super Clean Car Wash Inc. (Dec. 2018 Decision.) On December 12, 2018, the Clerk of Court entered a judgment awarding Manzanares $81,294.50, Vasquez $53,070.11, and Lopez $63,024.93, plus post-judgment interest pursuant to 28 U.S.C § 1961(a). (Clerk's J., Docket Entry No. 29.)

On December 17, 2018, Default Defendants' counsel appeared and notified Plaintiffs and the Court of Default Defendants' intent to move to vacate the default. (Notice of Appearance, Docket Entry No. 30; Defs.' Mot. for Pre-Mot. Conference, Docket Entry No. 31.) After both sides requested and received extensions of time, Default Defendants filed their fully briefed motion on May 20, 2019. (Default Defs.' Mot.) In their motion to vacate the default judgment, Default Defendants argued that their default was not willful because they were never served with the summons and Complaint, that they can sufficiently state a meritorious defense because Plaintiffs were service advisors exempt from the FLSA's overtime-pay requirement, and that Plaintiffs would not be prejudiced by vacating the default judgment. (Defs.' Mem. in Supp. of Defs.' Mot. to Vacate Default J. ("Default Defs.' Mem."), 6, 10–13, Docket Entry No. 44-3.)

  b. **Report and recommendation**

On October 23, 2019, the Court referred the motion to Magistrate Judge Levy for a report and recommendation. (Order dated Oct. 23, 2019.) Judge Levy held a hearing regarding Default

Defendants' motion on February 20, 2019 and February 25, 2019. (Min. Entry dated Feb. 20, 2020, Docket Entry No. 48; Min. Entry dated Feb. 25, 2020, Docket Entry No. 50.) By report and recommendation dated July 2, 2020, Judge Levy recommended that Default Defendants' motion to vacate the default judgment against them be denied. (R&R.)

In the R&R, Judge Levy considered whether Default Defendants satisfied the three factors that guide a court's decision, in its discretion, as to whether to vacate a default judgment: "(1) whether the default was willful, (2) whether defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." (*Id.* at 3 (quoting *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)).) Because two of the three factors weighed against vacating the default, Judge Levy recommended that the motion to vacate be denied.

Judge Levy found that Default Defendants' default was willful because the corporate Defendants YFAR and AMS (collectively the "Corporate Defendants") were properly served when a copy of the summons and Complaint was delivered to the New York Secretary of State and individual defendant Boumoussa "was properly served with the pleadings via copies left with a person of suitable age and discretion at his place of business, followed by a copy mailed to his business address" pursuant to the service rules of New York State and in accordance with Rule 4 of the Federal Rules of Civil Procedure. (*Id.* at 5–6.) Judge Levy found that Boumoussa's "less than credible testimony was insufficient to overcome [P]laintiffs' highly reliable evidence that [Default] Defendants were served with the [C]omplaint and did receive notice of this matter." (*Id.* at 8.) With respect to the meritorious defense factor, Judge Levy found that while Default Defendants' asserted defense — the mechanics exemption to the FLSA's overtime requirement set forth in *Encino Motorcars, LLC v. Navarro*, --- U.S. ---, 138 S.

5

Ct. 1134 (2018) — is not applicable because Default Defendants do not operate a dealership, Default Defendants nevertheless "met the low threshold necessary to satisfy this factor."[1] (*Id.* at 9–10.) Judge Levy found that the third factor regarding prejudice to Plaintiffs was satisfied because of the "considerable" time and money expended in bringing this action and because "the passage of time makes it likely that evidence will be more difficult to locate now." (*Id.* at 11.)

    c. **Defendants' objections to the R&R**

Default Defendants object to the R&R in its entirety, arguing that their motion to vacate the default judgment should be granted because their default was not willful, they had a meritorious defense, and Plaintiffs would not be prejudiced by vacating the default judgment. (Default Defs.' Obj.) In support, Default Defendants assert that their default was "inadvertent rather than deliberate or done in bad faith" and therefore was not willful. (*Id.* at 6–7.) Default Defendants also argue that given that Judge Levy "correctly determined that [Default] Defendants met the threshold necessary to satisfy" the meritorious defense prong, the Court "must not deny a motion to vacate a default judgment," (*id.* at 8), because there is a "strong preference for courts in the Second Circuit to resolve disputes on the merits," (*id.* at 4). Lastly, Default Defendants argue that Plaintiffs would not be prejudiced by vacating the default because "Plaintiffs do not establish that Defendants' conduct would result in a loss of evidence, increase the difficulty of discovery, or increase the risk of fraud or collusion." (*Id.* at 9.)

Plaintiffs opposed Default Defendants' objections, arguing that the R&R properly concluded that Default Defendants willfully defaulted, that Plaintiffs will be prejudiced by

---

[1] Judge Levy emphasized that Default Defendants' showing of a meritorious defense was marginal because "they have not submitted their financial record books or tax records to support their payroll evidence, and [P]laintiffs contest the accuracy of the time cards." (Report and recommendation dated July 2, 2020 ("R&R"), Docket Entry No. 52.)

6

vacating the default judgment, and that Default Defendants potential meritorious defense could not overcome their failure on the other two factors. (Pls.' Opp'n to Defs.' Obj. to R&R ("Pls.' Opp'n"), Docket Entry No. 55.)

## II. Discussion

### a. Standard of review

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *See John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015) (applying clear error when no objections to the magistrate judge's report and recommendation were filed). The clear error standard also applies when a party makes only conclusory or general objections. Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations."); *see also Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))); *Benitez v. Parmer*, 654 F. App'x 502, 503–04 (2d Cir. 2016) (holding that "general objection[s] [are] insufficient to obtain *de novo* review by [a] district court").

Whether clear error review or *de novo* review applies when an objecting party reiterates the arguments made to the magistrate judge is unclear. The Second Circuit has suggested and district courts within the Second Circuit, including this Court, have stated that if a party's objection to a magistrate judge's report and recommendation repeats arguments already presented to and considered by the magistrate judge, then the objection need only be reviewed for clear error. *See, e.g.*, *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) . . . ."); *Best v. Barbarotta*, No. 12-CV-6142, 2019 WL 3886618, at *2 (E.D.N.Y. Aug. 19, 2019) ("If a party 'makes only conclusory or general objections, or simply reiterates his original arguments, the [c]ourt reviews the [R&R] only for clear error.'" (quoting *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008)), *appeal dismissed*, No. 19-3405, 2020 WL 1907540 (2d Cir. Mar. 5, 2020); *Williams v. Town of Hempstead*, No. 16-CV-1992, 2019 WL 1403114, at *4 (E.D.N.Y. Mar. 28, 2019) ("[T]he [c]ourt finds that this objection is proper as it points out the specific portions of the [report and recommendation] objected to and does not 'make[] only conclusory or general objections, or simply reiterate[] his original arguments[.]'" (first, second, fourth, and fifth alterations in original) (quoting *Pall Corp.*, 249 F.R.D. at 51)); *Lever v. Lyons*, No. 16-CV-5130, 2018 WL 1089328, at *4 (E.D.N.Y. Feb. 26, 2018) (citing *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015); *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015) (applying clear error review because defendants' objections to the report and recommendation "merely recite the same arguments presented to [the magistrate judge]" (quoting *Praileau v. Cnty. of Schenectady*, No. 09-CV-0924, 2010 WL 3761902, at *1 (N.D.N.Y. Sept. 20, 2010))); *Rahman v. Fischer*, No. 10-CV-1496, 2014 WL 688980, at *1

(N.D.N.Y. Feb. 20, 2014) ("If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error." (citations omitted)); *Time Square Foods Imports LLC v. Philbin*, No. 12-CV-9101, 2014 WL 521242, at *2 (S.D.N.Y. Feb. 10, 2014) (holding clearly erroneous standard applies when party reiterates arguments made to the magistrate judge).

However, the Second Circuit has recently stated that it is "skeptical" that the clear error standard would be appropriate when the objection is based on a previously asserted argument. *See Moss v. Colvin*, 845 F.3d 516, 520 n.2 (2d Cir. 2017) ("[W]e are skeptical that clear error review would be appropriate in this instance, where arguably 'the only way for [the plaintiff] to raise . . . arguments [on that point] [was] to reiterate them.'" (third and fourth alterations in original) (first quoting *Watson v. Geithner*, No. 11-CV-9527, 2013 WL 5441748 (S.D.N.Y. Sept. 27, 2013); and then citing 28 U.S.C. § 636(b)(1))); *CIT Bank, N.A. v. Schiffman*, No. 16-CV-5772, 2018 WL 4804644 (E.D.N.Y. Oct. 3, 2018) ("On the other hand, the Second Circuit . . . has suggested that a clear error review may not be appropriate 'where arguably the only way for a party to raise . . . arguments is to reiterate them'" (quoting *Moss*, 845 F.3d at 520 n.2)).

b. **The Court conducts *de novo* review**

Default Defendants argue that *de novo* review is warranted pursuant to 28 U.S.C. § 636(b)(1)(B) because they object to the R&R. (*See* Default Defs.' Obj. 1.)

Plaintiffs argue that the applicable standard of review depends on the "nature of the [m]agistrate's findings and the objecting party's objections." (Pls.' Opp'n 3.) Plaintiffs contend that while *de novo* review is typically warranted when a party objects to a report and recommendation, clear error review applies when a party's objections "simply reiterate the

9

original arguments." (*Id.* (quoting *Pizarro v. Gomprecht*, No. 10-CV-4803, 2013 WL 990997, at *2 (E.D.N.Y. Mar. 13, 2013)).) Plaintiffs also argue that because "[Default] Defendants' arguments . . . simply repackage or repeat [Default] Defendants' very same arguments in their underlying motion to vacate the default judgment against them," the Court should apply clear error review. (*Id.* at 4.)

Default Defendants' objections repeat the arguments made to Judge Levy — that their default was not willful because they were unaware of the instant action against them, that they have a meritorious defense under *Encino Motorcars*, and that Plaintiffs would not be prejudiced by vacating the default. (*Compare* Default Defs.' Obj., *with* Default Defs.' Mem.) Given the ambiguity as to which standard applies, the Court conducts *de novo* review out of an abundance of caution.

    c. **The Court denies Default Defendants' motion**

Defendants object to the R&R, arguing that the R&R "erroneously recommended that the motion to vacate the default judgment against [Default] Defendants be denied." (Default Defs.' Obj. 6.) Upon review, the Court finds that there is no reason to disturb Judge Levy's recommendations.

      i. **Default Defendants' willfulness**

Default Defendants object to Judge Levy's finding that, because they were properly served pursuant to the service rules of New York State in accordance with Rule 4 of the Federal Rules of Civil Procedure, their default was willful. (*Id.* at 6.) Default Defendants argue that "[w]illfullness . . . requires more than negligence or carelessness, and courts must only find a default willful where a party's conduct is 'egregious' or 'not satisfactorily explained.'" (*Id.* (quoting *McNulty*, 137 F.3d at 738).) Default Defendants further assert that their default was

10

"inadvertent rather than deliberate or done in bad faith" because Boumoussa did not "receive notice of the pleading, nor did [Default Defendants] receive the pleading from the employee" who was allegedly served, who Default Defendants allege "is unknown to this day." (*Id.*) Although not specified in their objections to the R&R, Default Defendants also argued before Judge Levy that they did not receive the service effected on the New York Secretary of State because the service on YFAR and Bay Parkway Super Clean Car Wash Inc. was returned to the Secretary of State as "Attempted Unknown." (Defs.' Reply in. Supp. Defs.' Obj. ("Default Defs.' Reply") 3, Docket Entry No. 44-3.) Default Defendants argue that their situation is unlike that in *New York v. Green*, 420 F.3d 99 (2d Cir. 2005), in which "[t]he conduct was so egregious[] that the court determined that that the defendant's failure to file an answer was 'part of an overall plan to delay the proceedings.'" (*Id.* (quoting *Green*, 420 F.3d at 108).)

A default is considered willful when the defendant fails to answer a complaint without explanation or justification. *See S.E.C. v. McNulty*, 137 F.3d 732, 738–39 (2d Cir. 1998); *United States v. Myers*, 236 F. Supp. 3d 702, 707 (E.D.N.Y. 2017); *see also Indymac Bank v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007) (finding that failure to respond to both the complaint and a motion for a default judgment demonstrates willful conduct). A defendant's default is willful when the party was properly served with a summons and complaint and failed to answer or otherwise respond. *See Double Green Produce, Inc. v. Forum Supermarket Inc.*, 387 F. Supp. 3d 260, 266 (E.D.N.Y. 2019) (finding default willful when the defendant was properly served with a summons and complaint which were both left with an authorized agent in the Office of the Secretary of State of the State of New York and when the other defendant was properly served at both of his addresses); *Sola Franchise Corp. v. Solo Salon Studios Inc.*, No. 14-CV-946, 2015 WL 1299259, at *6 (E.D.N.Y.

11

Feb. 9, 2015), *report and recommendation adopted*, No. 14-CV-946, 2015 WL 1299259 (E.D.N.Y. Mar. 23, 2015) ("Defendant has not responded to [the] [p]laintiffs' motion for [a] default judgment, has not appeared in this action, and has not communicated with the [c]ourt in any way. Accordingly, [d]efendant's failure to answer the [c]omplaint and to respond to the instant motion is sufficient to establish willfulness."). While "a determination that the defendant acted in bad faith would support a finding of 'willfulness,' it is sufficient that the defendant defaulted deliberately." *Gucci Am. Inc., v. Gold Ctr. Jewelry*, 158 F.3d 631, 635 (2d Cir. 1998) (holding that bad faith is not a necessary predicate to find that a defendant acted willfully).[2]

As Judge Levy noted in the R&R, service of process in a federal action is governed by Rule 4 of the Federal Rules of Civil Procedure. Pursuant to Rule 4(e), service on an individual is allowed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1), or by leaving a copy of the summons and the complaint "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," Fed. R. Civ. P. 4(e)(2)(B). Under New York Civil Practice Law and Rules, a party may be served via personal service or by a combination of delivery of the summons "within the state to a person of

---

[2] Default Defendants suggest, relying on the Second Circuit's discussion of "willfulness" in *American Alliance Ins. Co. v. Eagle Ins. Co*, 92 F.3d 57 (2d Cir. 1996), that bad faith is a prerequisite for a finding of willfulness. (Default Defs.' Obj. 6–7.) However, the Second Circuit did not make such a proclamation in *American Alliance*. While the Second Circuit did acknowledge that it has "implied that it will look for bad faith, or at least something more than mere negligence, before rejecting a claim of excusable neglect based on an attorney's or litigant's error," it maintained that the central inquiry of the willfulness prong is to distinguish excusable and inexcusable neglect. *Id.* at 61. In *Gucci America Inc, v. Gold Center Jewelry*, the Second Circuit reiterated its view that bad faith is not a prerequisite for willfulness, stating that "the analysis in *American Alliance* did not intend to suggest that a finding of bad faith is a necessary predicate to concluding that a defendant acted 'willfully' for the purposes of Rule 60(b)(1)." 158 F.3d 631, 634–35 (2d Cir. 1998).

12

suitable age and discretion at the[ir] actual place of business" and mail of the summons to the last known residence or place of business of the person to be served. N.Y. C.P.L.R. § 308(2). Service on a corporation can be effected by delivering a copy of the summons and the complaint to an "officer, director, managing or general agent, or cashier or assistant cashier or any other agent authorized by appointment or by law to receive service of process," N.Y. C.P.L.R. § 311(a)(1), or by properly serving the New York Secretary of State if the corporation is registered to do business in New York. N.Y. Bus. Corp. L. § 306(b)(1).

      The record before the Court conclusively establishes that Default Defendants willfully defaulted because both the corporate and individual defendants were properly served. *See Double Green Produce, Inc.*, 387 F. Supp. 3d at 266 (finding willfulness when party did not respond to properly served complaint); *Bds. of Trs. v. Frank Torrone & Sons, Inc.*, No. 12-CV-3363, 2014 WL 674098, at *4 (E.D.N.Y. Feb. 3, 2014) (finding that the defendants' failure to answer or respond in any way to a properly served complaint demonstrated willfulness); *J & J Sports Prods., Inc. v. Vergara*, No. 19-CV-2382, 2020 WL 1034393, at *7 (E.D.N.Y. Feb. 6, 2020), *report and recommendation adopted sub nom. J&J Sports Prods. Inc. v. Vergara*, No. 19-CV-2382, 2020 WL 1031756 (E.D.N.Y. Mar. 3, 2020) (finding willfulness when the defendant failed to respond to proper service through the New York Secretary of State and failed to respond to plaintiff's default judgment motion). The Corporate Defendants were properly served because a summons and Complaint was left with an authorized agent in the office of the New York Secretary of State. (*See* Affs. of Service Through Secretary of State, Docket Entry Nos. 6, 8.) Although Default Defendants argue that the New York Secretary of State affidavits of service indicate that the mailing to YFAR was returned by the U.S. Postal Service as undeliverable, Default Defendants' evidence does not indicate a problem with AMS' service. (*See* N.Y.

Secretary of State Certificate of Service 681, 683, annexed to Default Defs.' Mem., Docket Entry No. 44-1 (noting that the mailing/return receipt as to AMS was never returned as being deliverable or undeliverable unlike the mailing/return receipt as to YFAR which indicated it was returned as undeliverable and marked "Attempted Unknown").)[3] While some courts have found that failure to receive process served on the Secretary of State pursuant to section 306 of the New York Business Corporation Law indicates a lack of willfulness, these cases often involved defendants who did not receive service by any other method or who did not have reason to know of the claims against them. *Compare Courchevel 1850 LLC v. Espinosa*, No. 17-CV-799, 2018 WL 3462519, at *4 (S.D.N.Y. July 18, 2018) ("[T]here is nothing in the record to suggest [the defendant] knew [the plaintiff] had a claim against it, and deliberately failed to update its address [with the New York Secretary of State]. As such, although [the defendant's] failure may have been careless, or even negligent, it was clearly not willful."), *with Swift Spinning Mills v. B&H Apparel*, 2003 WL 942610, at *1 (S.D.N.Y. Mar. 6, 2003) (finding default willful due to the defendant's failure to update its address because, in part, the defendant was "well aware of the issues with [the] plaintiff, and that [the] plaintiff could possibly move to sue," but still made "no effort to notify anyone" of its change of address). In addition, as Judge Levy noted in the R&R, by Boumoussa's admission, because AMS is the only active entity, service on AMS is essentially service on YFAR. (*See* Aff. of Anthony Boumoussa ¶¶ 3–5, annexed to Default Defs.' Mem., Docket Entry No. 44-1; *see also* Default Defs.' Mem. 1 (noting that AMS "is the parent company under who's [sic] name all business is conducted" and that the other two Corporate Defendants are "sister companies that exist only in name" and are "located on the same

---

[3] Because the attachments to Default Defendants' memorandum in support of the motion to vacate are not consecutively paginated, the Court refers to the page numbers assigned by the electronic case filing ("ECF") system.

14

premises").) Regardless, Plaintiffs properly served the New York Secretary of State which is what is required to prove willful default of the Corporate Defendants. *See Double Green Produce, Inc.*, 387 F. Supp. 3d at 266.

Individual defendant Boumoussa was also properly served because a person of suitable age and discretion at his place of business received process, followed by a mailed copy of the summons and Complaint to his business address pursuant to N.Y. C.P.L.R. section 308(2). Denise Lewis, the licensed process server who served Boumoussa, testified at the inquest hearing about her service of process at Boumoussa's business address. (*See* Tr. of Proceedings before Judge Levy dated Feb. 25, 2020 ("Feb. 25, 2020 Tr."), Docket Entry No. 51.) Lewis stated that she took a digital photograph, uploaded it to an application on her cellphone that recorded the date, time, and location of the photo, and handed the summons and Complaint to a female employee inside the office who "said she was authorized" to receive the papers. (*Id.* at 6:1–7:25; Aff. of Service of Denise Lewis, Docket Entry No. 9.) Default Defendants argue that this service of process was insufficient because the employee who was served process is, to this day, unidentified. (Default Defs.' Obj. 7.) While some courts have held that service of process to an unidentified employee may be insufficient, those cases are distinguishable from the circumstances of this case. For example, in *Fuentes v. Espinal*, the court found the potential for insufficient service of process when the description of the "unidentified woman identified by the process server" differed materially from the defendant's description of his sister who was the only person who may have been living with him at the time of service. 60 N.Y.S.3d 81, 83 (App. Div. 2017). In addition, in that case, the sister who was allegedly served may have been temporarily living at another address at the time of service. *Id.* In *Ainbinder v. R.C.R. Contracting, Inc.*, the court found that the defendant was not properly served pursuant to

15

C.P.L.R. 308(2) because service was made to an unidentified woman at the defendant's former place of business. 612 N.Y.S.2d 209, 209 (App. Div. 1994).

These cases are not analogous to the service provided to Boumoussa. Service was made at Boumoussa's current place of business. (Tr. of Proceedings before Judge Levy dated Feb. 20, 2020 ("Feb. 20, 2020 Tr.") 6:1–7:25, Docket Entry No. 49; Aff. of Service of Denise Lewis.) In addition, Boumoussa had an additional route of service when he was served the motion for default judgment by Plaintiffs' counsel William Cafaro outside his place of business on May 23, 2018, and nevertheless failed to respond. (*See* 2/20/2020 Tr. (testimony by Mr. Cafaro that Boumoussa recognized him from another case and that Mr. Cafaro "handed Mr. Boumoussa a large binder containing the default submissions and all exhibits, and informed him of the date of the inquest hearing in this case").)[4] Even assuming the truth of Boumoussa's employee Zineb Baghdadi's testimony, who testified that she never received any legal papers regarding this case, there were other female employees who worked at the company and may have received the papers when served. (*See, e.g.*, Feb. 20, 2020 Tr. 39:19–20 (testimony by Zineb Baghdadi that there were at least three other female employees on Boumoussa's staff).) Furthermore, the outcome in *Fuentes* was that "the Supreme Court should have conducted a hearing to determine

---

[4] Boumoussa maintains that he was not present at the date Mr. Cafaro alleges he personally served Boumoussa with Default Defendants' default judgment motion because he was at his farm in Delaware County, New York burying his deceased horse. (Tr. of Proceedings before Judge Levy dated Feb. 20, 2020 ("Feb. 20, 2020 Tr.") 87:1–92:13, Docket Entry No. 49.) Judge Levy concluded that Boumoussa was "less than credible." (R&R 8.) The Court does not disturb Judge Levy's credibility determination as Judge Levy held multiple hearings with the parties in this case. *See Mero v. Prieto*, 557 F. Supp. 2d 357, 359 (E.D.N.Y. 2008) ("[T]he Second Circuit has . . . held that [a] district judge reviewing the credibility determinations of a magistrate may defer to the judgement of the magistrate because of the magistrate's superior ability as the primary factfinder to observe witnesses and their demeanor." (alterations in original) (quoting *Spinner v. City of New York*, No. CV-01-2715, 2003 U.S. Dist. LEXIS 14854, at *28 (E.D.N.Y. Aug. 27, 2003))).

16

whether the defendant was properly served pursuant to CPLR 308(2)," 60 N.Y.S.3d at 81, which Judge Levy did here in the form of the inquest.

Accordingly, the Court finds that Judge Levy correctly determined that Default Defendants' default was willful.

### ii. Default Defendants' meritorious defense

Default Defendants object to the weight given to the meritorious defense prong in the R&R.[5] (Default Defs.' Obj. 8.) While Default Defendants agree with Judge Levy's conclusion that they made an adequate showing that a court would have some determination to make as to their meritorious defense, they argue that "courts must not deny a motion to vacate a default judgment unless the default was willful *and* the party does not have a meritorious defense." (*Id.* at 8–9.) The Court disagrees.

While Judge Levy stated in the R&R that "a default judgment should not be vacated if the default was willful," the decision to vacate a default judgment is addressed to the "sound discretion of the district court." *McNulty*, 137 F.3d at 738; *see also Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); *Gesualdi v. J.H. Reid, Gen. Contractor*, No. 14-CV-4212, 2017 WL 752157, at *4 (E.D.N.Y. Feb. 27, 2017) ("[T]he decision to vacate a final judgment is within the sound discretion of the [c]ourt."). However, willfulness alone is a sufficient basis to deny vacating the default. *See Hernandez v. La Cazuela de Mari Rest., Inc.*,

---

[5] Plaintiffs argue that the mechanics exemption to the FLSA overtime requirement set forth in *Encino Motorcars, LLC v. Navarro*, --- U.S. ---, 138 S. Ct. 1134 (2018) — is inapplicable in the instant case because Default Defendants "are not primarily engaged in the sale of vehicles." (Pls.' Opp'n 14.) However, as Judge Levy noted in the R&R, Default Defendants are only required to make an "adequate showing that the court would have some determination to make" as to their meritorious defense. (R&R 10.) The Court therefore need not determine whether the mechanics exemption defense would be successful at this stage. *See Weisel v. Pischel*, 197 F.R.D. 231, 239 (E.D.N.Y. 2000) (noting that "[l]ikelihood of success is not the measure" of the meritorious defense element).

17

538 F. Supp. 2d 528, 533–34 (E.D.N.Y. 2007) ("Despite any meritoriousness of an anticipated defense, a default judgment should not be vacated if the default was willful (citing *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 507 (2d Cir.1991))); *Finkel v. Hall-Mark Elec. Supplies Corp.*, No. 07-CV-2376, 2011 WL 2847407, at *3 (E.D.N.Y. July 12, 2011) ("If a default is determined to be willful, that fact alone can justify denying a motion to vacate a default judgment").

Therefore, the Court finds that Judge Levy correctly provided the appropriate weight to Default Defendants' meritorious defense.

### iii. Prejudice to Plaintiffs

Default Defendants object to the finding that vacating the default would prejudice Plaintiffs. (Default Defs.' Obj. 9.) Default Defendants argue that Plaintiffs have "at most established that [Default] Defendants' conduct resulted in delay and some incurred costs," which "is not sufficient to demonstrate that Plaintiffs will be prejudiced." (*Id.*) In support, Default Defendants assert that the three-year delay since the Complaint was filed did not lead to the loss of evidence because "[t]here are employment records available for all Plaintiffs, including timesheets and employment agreements." (*Id.* at 10.)

Plaintiffs argue that Judge Levy properly found that they will be prejudiced by vacating the default judgment because "there was substantial delay and expense in prosecuting the action thus far," and the "evidence would be more difficult to locate due to [Default] Defendants' delay." (*Id.* at 14–15.) In addition, Plaintiffs assert that "Defendants have already been found to have altered records and to have destroyed their file server in a similar previous case to avoid forensic examination."[6] (*Id.* at 15.) Because Defendants have "this track record," Plaintiffs

---

[6] Plaintiffs' reference to "a similar previous case" is a reference to *Ayala v. Your Favorite Auto Repair & Diagnostic Ctr., Inc.*, No. 14-CV-5269, 2016 WL 5092588 (E.D.N.Y.

18

argue that vacating the default will further "increase the difficulties in discovery." (*Id.*)

In determining whether to vacate an entry of default, a court must consider "whether[,] and to what extent, vacating the default judgment will prejudice the [nondefaulting] party." *Green*, 420 F.3d at 110. "Some delay is inevitable when a motion to vacate a default judgment is granted; thus, 'delay alone is not a sufficient basis for establishing prejudice.'" *Id.* (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)). Accordingly, in determining whether a plaintiff has suffered prejudice, courts consider "the effect of the delay caused by the defendant's default, such as thwarting plaintiff's recovery or remedy resulting in the loss of evidence, creating increased difficulties of discovery, or providing greater opportunity for fraud and collusion." *Swarna v. Al-Awadi*, 622 F.3d 123, 142 (2d Cir. 2010) (alterations, citation, and internal quotation marks omitted); *see also Green*, 420 F.3d at 110 (same).

Plaintiffs will suffer prejudice if the Court vacates the default. While it is true that delay alone does not establish prejudice, Plaintiffs have expended time and money in bringing this action, making court appearances including testifying at an inquest on damages, and assembling evidence in support of a default motion. *See 145 Marcus Blvd., Inc. v. F&H Mfg. Corp.*, No. 04-CV-1882, 2007 WL 9724694, at *4 (E.D.N.Y. Mar. 13, 2007) (finding prejudice to nonmoving parties when they "expended costs in attempting to expeditiously and diligently bring the case to trial . . . , participated in all pre-trial conferences before [the magistrate judge] and . . . participated in summary judgment proceedings"). In addition, Plaintiffs' concerns about potential destruction of evidence given that Default Defendants had altered evidence in another similar case support a finding of prejudice. *See Todtman, Nachamie, Spizz & Johns, P.C. v.*

---

Sept. 19, 2016). Like the instant matter, *Ayala* involved allegations of FLSA and New York Labor Law violations against Default Defendants.

19

*Ashraf*, 241 F.R.D. 451, 455 (S.D.N.Y. 2007) (finding that setting aside default may cause prejudice to the plaintiff when the defendants had wrongfully diverted money in violation of a temporary restraining order and were held in contempt of court), *aff'd*, 316 F. App'x 51 (2d Cir. 2009); *Carl Marks & Co. v. Union of Soviet Socialist Republics*, 665 F. Supp. 323, 332 (S.D.N.Y. 1987), *aff'd*, 841 F.2d 26 (2d Cir. 1988) (finding no legitimate concern of destruction or loss of evidence when the plaintiffs already collected all the evidence).

Therefore, the Court concludes that vacating the default against Default Defendants will prejudice Plaintiffs.

### III. Conclusion

For the foregoing reasons, the Court adopts the R&R and denies the motion of YFAR, AMS, and Boumoussa to vacate the default judgment against them.

Dated: November 2, 2020
       Brooklyn, New York

                                  SO ORDERED:

                                       s/ MKB
                                MARGO K. BRODIE
                                United States District Judge